IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RYAN CUNNINGHAM,            :
    Plaintiff            :
                                                                      :            No. 1:20-cv-854
      v.            :
                                                                        :            (Judge Rambo)
C/O STAMM,            :
    Defendant            :

## MEMORANDUM

This is a prisoner civil rights case pursuant to 42 U.S.C. § 1983 that is before the court on a motion for summary judgment filed by Defendant Brandon Stamm ("Stamm").  For the reasons that follow, the motion will be granted.

## I.    BACKGROUND

On May 27, 2020, *pro se* Plaintiff Ryan Cunningham ("Cunningham"), who was formerly incarcerated at the Coal Township State Correctional Institution ("SCI-Coal Township"), initiated the above-captioned case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against Brandon Stamm,[1] a correctional officer employed at SCI-Coal Township.  (Doc. No. 1.)  The Pennsylvania Department of Corrections ("DOC") was also named as a defendant.  (*Id.*)

The complaint alleges that in January 2020, Cunningham filed a complaint pursuant to the Prison Rape Elimination Act ("PREA").  (*Id.* at 1.)  Four months

---

[1] Defendant Stamm is erroneously identified as Defendant Stamp in the complaint.  (*See* Doc. No. 1.)

later, on May 13, 2020, Stamm conducted a search of Cunningham's cell, after which he allegedly sexually assaulted Cunningham by rubbing his clothed genitals against Cunningham's body. (*Id.* at 3.) The complaint asserts claims for sexual assault in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (*Id.*) The retaliation claim is based on the theory that the search of Cunningham's cell was retaliation for the filing of his PREA complaint. (*Id.*)

On July 21, 2020, the court dismissed the claims against the DOC because it is not a proper defendant to a § 1983 action, but directed the Clerk of Court to serve Stamm with the complaint. (Doc. No. 13.) Stamm did not waive service of process, so the court directed the Clerk of Court to re-serve him on June 10, 2021. (Doc. No. 18.) Stamm answered the complaint on August 9, 2021. (Doc. No. 23.)

Following the close of fact discovery, Stamm filed the instant motion for summary judgment on April 11, 2022, along with a statement of material facts and a supporting brief. (Doc. Nos. 26-27, 29.) Cunningham has not responded to the motion, and the deadline for doing so has expired under the Local Rules. The motion is accordingly ripe for disposition.

## II.   LEGAL STANDARDS

### A.   Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required to go beyond his pleadings with affidavits, depositions, answers to

interrogatories or the like to demonstrate specific material facts which give rise to a

genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The party

opposing the motion "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v.*

*Zenith Radio*, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of

production to the nonmoving party, that party must produce evidence to show the

existence of every element essential to its case which it bears the burden of proving

at trial, for "a complete failure of proof concerning an essential element of the

nonmoving party's case necessarily renders all other facts immaterial." *Celotex*,

477 U.S. at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether an issue of material fact exists, the court must

consider the evidence in the light most favorable to the nonmoving party. *White*,

826 F.2d at 59. In doing so, the court must accept the nonmovant's allegations as

true and resolve any conflicts in his favor. *Id.* (citations omitted). However, a

party opposing a summary judgment motion must comply with Local Rule 56.1,

which specifically directs the oppositional party to submit a "statement of the

material facts, responding to the numbered paragraphs set forth in the statement

required [to be filed by the movant], as to which it is contended that there exists a

genuine issue to be tried." If the nonmovant fails to do so, "[a]ll material facts set

forth in the statement required to be served by the moving party will be deemed to

be admitted." M.D. Pa. L.R. 56.1. A party cannot evade these litigation

responsibilities simply by citing the fact that he is a *pro se* litigant. These rules

apply with equal force to all parties. *See Mala v. Crown Bay Marina, Inc.*, 704

F.3d 239, 245 (3d Cir. 2013) (noting that *pro se* parties "cannot flout procedural

rules—they must abide by the same rules that apply to all other litigants").

### B.    Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for

violations of federal constitutional rights committed by state officials. *See* 42

U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means

through which "to vindicate violations of federal law committed by state actors."

*See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action

under Section 1983, a plaintiff must allege that: (1) the conduct complained of was

committed by persons acting under color of state law; and (2) the conduct violated

a right, privilege, or immunity secured by the Constitution or laws of the United

States.  *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005)

(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III.   STATEMENT OF MATERIAL FACTS[2]

Cunningham was incarcerated in SCI-Coal Township from January 2020 to

August 2020.  (Doc. No. 27 ¶ 1.)  On January 27, 2020, Stamm conducted a search

of Cunningham's cell, after which he cited Cunningham for misconduct based on

Cunningham covering his cell light, using inappropriate language, and refusing to

abide by staff orders to uncover the cell light.  (*Id.* ¶ 2.)

On February 2, 2020, Cunningham filed a grievance against Stamm based on

the cell search, alleging that Stamm said "I'm gonna fuck you" and implied that he

was going to rape Cunningham.  (*Id.* ¶ 3.)  The grievance was investigated by the

prison's PREA compliance manager, who concluded on July 31, 2021 that

Cunningham's allegations were unsubstantiated.  (*Id.* ¶¶ 4-7.)  Cunningham's

---

[2] The Local Rules require a party opposing summary judgment to file a "short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . as to which it is contended that there exists a genuine issue to be tried."  *See* M.D. Pa. L.R. 56. 1.  The Rule further requires the inclusion of references to the parts of the record that support the statements.  *See id.*  Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.  *See id.*  Unless otherwise noted, the background herein is derived from Defendants' Rule 56.1 statement of facts.  (Doc. No. 27.)  Cunningham has not filed a responsive statement to Defendants' Rule 56.1 statement of facts.  Accordingly, unless otherwise noted, the court deems the facts set forth by Defendants to be undisputed.  *See* Fed. R. Civ. P. 56(e)(2); M.D. Pa. L.R. 56.1; *United States v. Alberto*, No. 3:18-cv-1014, 2020 WL 730316, at *2 (M.D. Pa. Feb. 13, 2020) (concluding that the "[f]ailure to file this [responsive statement of material facts] results in admission of the moving party's statement of facts").

misconduct charges arising from the cell search were referred to a disciplinary hearing officer for purposes of conducting a hearing. (*Id.* ¶ 8.) The hearing officer found Cunningham guilty of misconduct on February 3, 2020, and sentenced him to fifteen days of disciplinary confinement. (*Id.* ¶¶ 9-10.)

On May 13, 2020, Stamm and other correctional officers conducted a search of Cunningham's cell. (*Id.* ¶¶ 14-16.) The search revealed that Cunningham had covered his cell light with paper, constructed a paper awning over his bed, and torn his bed sheets. (*Id.* ¶ 15.) Stamm and Lieutenant Yoder threw the contraband items used to cover the cell light and create the awning, along with the torn bed sheets, into the hall outside of Cunningham's cell. (*Id.* ¶ 18.) After doing so, Stamm exited the cell, stood in front of Cunningham, and then stepped around him. (*Id.* ¶¶ 19-21.) Stamm never made any physical contact with Cunningham while they were standing outside of the cell. (*Id.* ¶¶ 23-24.)

Stamm issued a misconduct citation to Cunningham arising from the cell search for refusing to uncover his cell light and tearing his bed sheet. (*Id.* ¶ 25.) The citation was referred to a disciplinary hearing officer, who found Cunningham guilty during a May 18, 2020 hearing and sentenced him to fifteen days of disciplinary confinement. (*Id.* ¶¶ 26-27.)

Cunningham filed two grievances about the May 13, 2020 cell search on May 15, 2020, alleging that Stamm bent backwards, "thrust[ed] out his pelvic area

and genitals," and rubbed and brushed against Cunningham with his genitals while walking in front of him. (*Id.* ¶ 28.) The facility grievance coordinator rejected the grievances and referred them to the PREA compliance manager. (*Id.* ¶ 30.)

## IV. DISCUSSION

### A. Sexual Assault Claim

The court will first consider Plaintiff's sexual assault claim. Prison sexual abuse may constitute cruel and unusual punishment in violation of the Eight Amendment. *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018). To succeed on an Eighth Amendment sexual abuse claim, a plaintiff must establish both an objective prong and a subjective prong. *Id.* at 475. "That is, the incident must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind." *Id.*

A defendant has a culpable state of mind if he has no "legitimate penological purpose" for his actions and acts "maliciously and sadistically for the very purpose of causing harm." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986)). This mental state can be inferred from circumstantial evidence, and the "nature of the violative conduct itself will often be enough to demonstrate the prison official's culpable state of mind." *Id.* (quoting *Crawford v. Cuomo*, 796 F.3d 252, 252 (2d Cir. 2015)). Actions taken with "a desire to humiliate the inmate or gratify the

officer" are sufficient to establish the subjective prong of an Eighth Amendment sexual abuse claim. *Id.* at 476.

As for the objective prong, courts considering whether a defendant's conduct is objectively cruel and unusual should do so "with sensitivity to 'evolving standards of decency.'" *Id.* at 477 (quoting *Graham v. Florida*, 560 U.S. 48, 58 (2010)). There is no mechanical test for determining whether an alleged incident of sexual contact is sufficiently serious to find a violation of the Eighth Amendment, but the "scope, place, and timing of the offensive conduct will bear on its severity, as will the details of the alleged contact." *Id.* at 478. In addition, "it goes without saying that objectively serious sexual contact would include sexualized fondling, coerced sexual activity, combinations of ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid discipline." *Id.*

In order to establish an Eighth Amendment violation, a plaintiff does not need to prove multiple incidents of sexual abuse. *Id.* at 475. Rather, "a single incident of sexual abuse, if *sufficiently severe or serious*, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." *Id.* (emphasis in original) (quoting *Crawford*, 796 F.3d at 257 (2d Cir. 2015).

In this case, Stamm argues he is entitled to summary judgment as to the sexual assault claim because he never made any physical contact with Cunningham

during the incident in question.  (Doc. No. 29 at 10.)  The court agrees.  The video

evidence of the incident shows that Stamm never made any physical contact with

Cunningham.  (*See* Doc. No. 27-1 at 9:53:00-9:58-13.)[3]  This is sufficient for the

court to grant summary judgment to Stamm as to the sexual assault claim.  *See*

*Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (holding that when video evidence

"blatantly contradict[s]" the plaintiff's version of events, the court should view the

evidence in the light depicted by the video when reviewing a motion for summary

judgment).  Moreover, Stamm's statement of material facts states that he never

made any contact with Cunningham during the incident, (*see* Doc. No. 27 ¶¶ 23-

24), and because Cunningham has not responded to the statement of material facts,

this statement is admitted as a fact for purposes of the instant motion.  *See* Fed. R.

Civ. P. 56(e)(2); M.D. Pa. L.R. 56.1; *Alberto*, 2020 WL 730316, at *2.  The court

will accordingly grant Stamm summary judgment as to the sexual assault claim.

B.     **Retaliation Claim**

Turning to the retaliation claim, a plaintiff seeking to prove retaliation must

establish (1) that the plaintiff engaged in constitutionally protected conduct; (2)

that the defendant took retaliatory action against him that would be sufficient to

deter a person of ordinary firmness from exercising his constitutional rights; and

---

[3] Defendant's counsel provided the relevant video footage to the court in DVD form.  The
footage is cited by defendant as Exhibit 1 to his motion for summary judgment and is cited on
the court's electronic docket as Doc. No. 27-1.

(3) that there was a causal link between plaintiff's protected activity and defendants' retaliatory action. *Oliver v. Roquet*, 858 F.3d 180, 190 (3d Cir. 2017) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)). The plaintiff may establish causation by showing either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). If the plaintiff establishes a *prima facie* case of retaliation, the defendant may defeat the claim by showing that he "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.*

Here, Cunningham has sufficiently established the first two elements of his retaliation claim. First, he engaged in protected conduct when he filed a PREA complaint. *See Singleton v. Shearer*, No. 1:17-CV-1027, 2019 WL 3337060, at *5 (M.D. Pa. July 25, 2019). Second, Stamm's action in searching Cunningham's cell may constitute a sufficiently adverse action to support a retaliation claim. *See, e.g.*, *Humphrey v. Sec'y Pa. Dep't of Corrs.*, 712 F. App'x 122, 124-25 (3d Cir. 2017) *Page-Jones v. Berfield*, No. 1:20-CV-1042, 2021 WL 5906107, at *6 (M.D. Pa. Dec. 14, 2021).

The court finds, however, that Stamm is entitled to summary judgment as to the retaliation claim because there is no evidence of causation. Cunningham has

not produced any evidence of any comments or actions by Stamm that could lead a

rational trier of fact to conclude that there was a pattern of antagonism between

Stamm and Cunningham, and the passage of over three months from the time

Cunningham filed his PREA complaint on February 2, 2020 to when the search

occurred on May 13, 2020 is not unusually suggestive of a causal connection

between the two. *See, e.g.*, *LeBoon v. Lancaster Jewish Cmty. Center Ass'n*, 503

F.3d 217, 233 (3d Cir. 2007) ("Although there is no bright line rule as to what

constitutes unduly suggestive temporal proximity, a gap of three months between

the protected activity and the adverse action, without more, cannot create an

inference of causation and defeat summary judgment."); *Williams v. Phila.*

*Housing Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004) (finding that time

frame of approximately two months between protected conduct and adverse action

was not unusually suggestive of retaliation), *superseded by statute in nonrelevant*

*part, as recognized in Robinson v. First State Cmty. Action Agency*, 920 F.3d 182,

188 n.30 (3d Cir. 2019).

    Moreover, even if there was a causal connection between Cunningham's

protected conduct and Stamm's adverse action, the record reflects that Stamm and

the other correctional officers searched Cunningham's cell to prevent him from

covering the light in his cell and to remove the awning over his bed.  The searches

were thus reasonably related to the legitimate penological interests of preserving

institutional safety and security.  Summary judgment in Stamm's favor would

therefore be warranted even if Cunningham had established a *prima facie* case of

retaliation.

## V.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Doc.

No. 26) will be granted.  An appropriate order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: February 8, 2023